

RECEIVED
IN LAKE CHARLES, LA.

JAN 26 2015

TONY R. MOORE, CLERK
BY _____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| AMERICAN ARMED FORCES MUTUAL AID ASSOCIATION, | * CIVIL ACTION NO. 2:13-cv-2765 |
| **Plaintiff,** | * |
| v. | * JUDGE MINALDI |
| CALISIA N. CRAFORD & STACY A. CRAWFORD | * |
| **Defendants.** | * MAGISTRATE JUDGE KAY |

**************************************************************************

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [Doc. 17], filed by Stacy A. Crawford, to which Calisia N. Crawford has filed Opposition [Doc. 21]. For the following reasons Stacy Crawford's Motion [Doc. 17] is **DENIED**.

## FACTS & PROCEDURAL HISTORY

Woodrow W. Crawford, Jr., died on May 26, 2011.[1] At the time of Mr. Crawford's death, he had a life insurance policy from American Armed Forces Mutual Aid Association ("AAFMAA") that listed Calisia N. Crawford and Stacy A. Crawford as his primary beneficiaries.[2] However, Calisia N. Crawford was charged with manslaughter in connection with Mr. Crawford's death, and a dispute arose as to whether Calisia N. Crawford was still entitled to her half of the benefits under Mr. Crawford's policy.[3] AAFMAA paid Stacy A. Crawford the uncontested amount of Mr. Crawford's death benefit that she was due and deposited the contested amount in the registry of the court.[4] AAFMAA filed the Complaint in

---

[1] Compl. in Interpleader [Doc. 1] ¶ 10.
[2] *Id.* ¶ 9.
[3] *Id.* ¶ 13.
[4] *Id.* ¶ 16. The contested amount of the claim was $125,000 plus interest. *Id.* ¶ 21.

1

Interpleader in this court on September 30, 2013.[5]   AAFMAA was thereafter discharged from any further liability and dismissed from the action on May 30, 2014.[6]  Stacy Crawford filed the instant motion on October 22, 2014.[7]

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  A dispute is said to be "genuine" only where "a reasonably jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)).  In ruling upon a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the nonmoving party. *Id.* at *3 n.1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)).  "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to a party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)).  "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-1089, 2013 U.S. Dist. LEXIS 53416, at *18-19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

---

[5] *See Id.*
[6] Order on Mot. for Partial Consent J. [Doc. 11].
[7] *See* Mot. for Summ. J. [Doc. 17].

Calisia Crawford opposes Stacy Crawford's motion for summary judgment on the basis that Calisia Crawford's plea of nolo contendere[8] is inadmissible as evidence of criminal liability and therefore a genuine dispute as to a material fact exists as to whether Calisia Crawford is entitled to benefits under the deceased's insurance policy.[9]  Calisia Crawford relies on Federal Rule of Evidence 401 in support of her argument.  Rule 401 states, in pertinent part, that "[e]xcept as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea . . . : (2) a plea of nolo contendere . . . ." FED. R. EVID. 410.

In a similar case, the plaintiff was trying to enter evidence of the defendant corporation's vice president's plea of nolo contendere in its motion for summary judgment. *First Nat. Bank v. First Fin. of La.,* 921 F.Supp. 1506, 1507-08 (E.D. La. 1996).  The motion for summary judgment was based on the language in the insurance policy which excluded coverage if a loss was based on illegal action by a director or officer of the defendant, or if a loss was attributed to dishonesty by a director or officer of the defendant. *Id.*  Relying on the history and policy of Rule 410, the court held that a plea of nolo contendere should be treated as an admission only for the purposes of the case in which the plea was made and that the nolo contendere plea could not be used as evidence for summary judgment. *Id.* at 1508.  The defendant's motion for summary judgment was denied on this basis. *Id.*

In this case, Stacy Crawford is also requesting that the court consider a plea of nolo contendere in her motion for summary judgment.  Evidence of this plea is inadmissible in accordance with Federal Rule of Evidence 410.  Stacy Crawford cites to Louisiana Code of

---

[8] A plea of nolo contendere means that the defendant pled "no contest" and is distinct from a guilty plea. *See State in Interest of E.C.,* 141 So.3d 785, 793 n. 1 (La. 2014) (Weimer, J., dissenting).

[9] Louisiana law provides that an individual who has been "[h]eld by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured" is not to receive any benefits under the insured's contract. LA. REV. STAT. ANN. § 22:901(D)(1)

Criminal Procedure Article 552(4) for the proposition that the plea of nolo contendere is a conviction.[10]  It is correct that a plea of nolo contendere may be considered as a prior conviction under laws pertaining to multiple offenses, but that is irrelevant to whether a plea of nolo contendere is admissible as evidence in a civil trial.  The cases cited by Stacy Crawford are also inapplicable because they involve guilty pleas rather than pleas of nolo contendere.  *See New Orleans Elec. Pension Fund v. DeRocha*, 779 F.Supp. 845, 846 (E.D. La. 1991); and *In re Hamilton*, 446 So.2d 463, 464 (La. Ct. App. 1984).  Accordingly,

**IT IS ORDERED** that Stacy Crawford's Motion for Summary Judgment [Doc. 17] be and hereby is **DENIED.**

Lake Charles, Louisiana, this *15* day of _____, 2015

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10] Stacy Crawford's Mem. in Supp. of Mot. for Summ. J. [Doc. 17-2], at 4.

4