


RECEIVED
IN LAKE CHARLES, LA

APR 26 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AMERICAN ARMED FORCES MUTUAL AID ASSOCIATION, | * | CIVIL ACTION NO. 2:13-cv-2765 |
| Plaintiff, | * | |
| v. | * | JUDGE MINALDI |
| CALISIA N. CRAWFORD & STACY A. CRAWFORD | * | |
| Defendants. | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM ORDER

Before the court is a Motion for Entry of Judgment under Rule 54(b) (Rec. Doc. 39) filed by Calisia N. Crawford, an Opposition (Rec. Doc. 42) filed by Stacy A. Crawford, and a Reply (Rec. Doc. 43) filed by Calisia.

On October 22, 2014, Stacy filed a motion for summary judgment (Rec. Doc. 17) arguing that Calisia is not entitled to the remaining death benefits because she is disqualified from any rights thereto pursuant to LA. REV. STAT. ANN. 22:901(D), which states:

> (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
> (a) Held by final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
>
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

The court found that evidence of Calisia's nolo contendere plea was inadmissible in accordance with Federal Rule of Evidence 410.[1] The court did not find that Stacy was not entitled to the remaining proceeds as a matter of law.

On February 3, 2015, Calisia filed a motion for disbursement of funds.[2] There was no opposition filed in response to the motion, and the motion was granted on March 11, 2015.[3] The court did not adjudicate Stacy's claims, but merely granted an unopposed motion for disbursement of funds.

Finally, on April 9, 2015, Stacy filed a motion requesting reconsideration of the court's order disbursing funds.[4] The court denied the motion on July 7, 2015, because Stacy failed to offer an explanation as to why no response was filed to the motion for disbursement of funds. Although the court also found that Stacy offered no admissible evidence proving Calisia was barred from receiving the proceeds under LA. REV. STAT. ANN. 22:901(D) for the purposes of that motion, once again, it did not adjudicate Stacy's claims. Accordingly,

**IT IS ORDERED** that Calisia's Motion for Entry of Judgment under Rule 54(b) (Rec. Doc. 39) is **DENIED**.

Lake Charles, Louisiana, this 23 day of April, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] Memo. Ruling (Rec. Doc. 24), at 3.
[2] Mot. for Disbursement of Funds (Rec. Doc. 26).
[3] Order (Rec. Doc. 33).
[4] Mot. for Reconsideration (Rec. Doc. 34).