UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AMERICAN ARMED FORCES** | * | CIVIL ACTION NO. 2:13-CV-02765 |
| **MUTUAL AID ASSOCIATION** | * | |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | JUDGE MINALDI |
| | * | |
| **CALISIA CRAWFORD** | * | |
| **AND** | * | |
| **STACY A. CRAWFORD** | * | MAGISTRATE JUDGE KAY |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is the Motion for Summary Judgment (Rec. Doc. 49), filed by Calisia Crawford cross-party defendant. Stacy Crawford, the cross-party claimant, has not filed an opposition. For the following reasons, the Motion (Rec. Doc. 49) will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

American Armed Forces Mutual Aid Association (AAFMAA) filed an Interpleader Complaint against Calisia Crawford (Calisia) and Stacy Crawford (Stacy) regarding the life insurance policy of the deceased Woodrow W. Crawford.[1] Calisia and Stacy were the primary beneficiaries of the policy.[2] AAFMAA paid Stacy half of the death benefit under the policy and deposited the other half in escrow with this court, alleging that because Calisia was involved in the death of Mr. Crawford, she may have forfeited her right to the benefit under Louisiana Revised Statute 22:901(D)(1).[3] AAFMAA was subsequently dismissed from the case.[4]

Stacy answered and filed a cross-complaint against Calisia alleging that Calisia was found criminally responsible for Mr. Crawford's death and therefore ineligible to receive funds

---

[1] Interpleader Compl. (Rec. Doc. 1).
[2] *Id.*
[3] *Id.*
[4] Order (Rec. Doc. 11).

1

from the policy.[5] Calisia answered and filed a cross-complaint against Stacy, alleging that because she entered a plea of nolo contendere and maintains her factual innocence that she did not forfeit her right to the death benefit.[6] Stacy moved for summary judgment, which was denied by this court, finding that the plea of nolo contendere could not be used to show a judicial determination of criminal responsibility because it is inadmissible under the Federal Rules of Evidence.[7] Calisia then filed a motion to withdraw funds, which was unopposed and granted by this court.[8] Stacy filed a Motion for Reconsideration regarding the withdrawal of funds which was denied.[9] Calisia has moved for summary judgment on Stacy's cross-claim (Rec. Doc. 49).

## LAW & ANALYSIS

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). "Under Rule 56, summary judgment must be entered against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375–76 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)).

When ruling on a motion for summary judgment, the district court draws all reasonable inferences in favor of the nonmoving party. *Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008).* However, in the absence of proof, the court will not "assume that the nonmoving party could or

---

[5] Stacy Answer (Rec. Doc. 7).
[6] Calisia Answer (Rec. Doc. 8).
[7] Memorandum Ruling and Order (Rec. Docs. 24, 25).
[8] Order (Rec. Doc. 33).
[9] Order (Rec. Doc. 36).

would prove the necessary facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The non-movant cannot satisfy its burden by raising "some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence." *Little*, 37 F.3d at 1075.

Here, Stacy has the burden of establishing that Calisia is barred from receiving the death benefit. Under Louisiana Revised Statute § 22:901(D)(1), an individual cannot receive death benefits if she (1) is held "criminally responsible for the death…of the individual insured" or (2) is "judicially determined to have participated in the intentional, unjustified killing of the individual insured." A plea of nolo contendere is not admissible to establish criminal responsibility. Fed. R. Evid. 401.

Stacy has not presented admissible evidence that Calisia is barred from Mr Crawford's death benefit. First, because the plea of nolo contendere is inadmissible, she has not presented evidence that Calisia was held criminally responsible for Mr. Crawford's death. Second, she has presented no admissible evidence that Calisia participated in the intentional and unjustified killing of Mr. Crawford.

## CONCLUSION

For the above reasons, Calisia Crawford's motion for summary judgment (Rec. Doc. 49) will be **GRANTED**.

Lake Charles, Louisiana, this 7 day of Sept, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3